1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRINT LAB, INC., a California corporation, STACI STEWART, TOMMY GELINAS and JUAN FLORES,<br><br>   Plaintiffs,<br><br> vs.<br><br>SCOTTSDALE INSURANCE COMPANY, a corporation; NATIONWIDE INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE and DOES 1 through 25, Inclusive,<br><br>   Defendants. | Case No. 2:17-cv-05148 GW(Ex)<br><br>Matter Assigned to Judge Wu<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Discovery Cutoff: January 10, 2018<br>Motion Cutoff: February 5, 2018<br>Trial Date:  April 17, 2018<br><br>Action Filed: April 17. 2017 |

  Having reviewed the Joint Stipulation for Protective Order entered into between plaintiffs, The Print Lab, Inc., Staci Stewart, Tommy Gelinas and Juan Flores (collectively, "plaintiffs"), and defendant, Scottsdale Insurance Company ("defendant") in the above-caption litigation pending before this Court (the "Litigation"), this Court issues the following Protective Order Governing Confidential Information:

  1. This Protective Order governs the use of all produced documents,

-1-

responses to interrogatories and requests for admissions, deposition transcripts, and any other information, documents, objects or things, as well as any and all copies, abstracts, digests, notes, and summaries thereof, that have been or will be produced by any party or third-party (the "Producing Party") in this Litigation pursuant to the Federal Rules of Civil Procedure.  These materials are collectively referred to hereinafter as "Discovery Material."

2.     Any Discovery Material produced by any party or third-party as part of discovery in this Litigation may be designated by the Producing Party as "CONFIDENTIAL" as follows:

a.     The Producing Party may designate as "CONFIDENTIAL" any Discovery Material that it produces in this Litigation which it believes constitutes, contains, reflects or discloses confidential, non-public research and analysis, development or commercial or personal information or Discovery Material protected by the attorney-client and/or work-product privileges, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material").

3.     No Discovery Material shall be marked "CONFIDENTIAL" if it:

a.     Was known to the receiving party without obligation of confidentiality prior to disclosure by the Producing Party, as evidenced by the receiving party's written records;

b.     Is subsequently disclosed to the receiving party by a third-party having no obligation of confidentiality to the Producing Party with respect to such information;

c.     Is independently developed by employee(s) of the receiving party who had no access to such information before such development; or

d.    Is published or becomes generally known to the public through means not constituting a breach of this Protective Order or an obligation of confidentiality to the producing party.

e.    Furthermore, information already in the possession of the Receiving Party shall not become Confidential Information merely because the Producing Party produces copies stamped Confidential Information.

4.    Any Discovery Material that is produced during this Litigation voluntarily, in response to a discovery request, or pursuant to a Court Order, in oral, written, or other form, including as part of any document, including but not limited to transcripts, exhibits, answers to interrogatories, as well as any physical object, recording, electronic file, or other thing, that is asserted by the Producing Party to contain or constitute Confidential Material shall be so designated by the Producing Party.

a.    Documents and Physical Items: If Confidential Material is contained in a document or other physical item, such documents and physical items shall be clearly and prominently marked on their face with the appropriate legend: "CONFIDENTIAL". When an item (such as a disk) containing more than one electronic file is produced, each electronic file on that disk that is confidential should be branded with the legend "CONFIDENTIAL" and have "CONFIDENTIAL" in the file name of each file designated as such.

b.    Transcripts: Deposition or other pretrial testimony may be designated as "Confidential" by (i) a statement on the record, by counsel, at the time of such disclosure, or (ii) written notice sent to all counsel of record for the parties within fifteen (15) business days after receipt of the transcript of the deposition or other pretrial testimony unless the parties agree to an extension of this time period for designation. Notwithstanding any provision of this subsection, Discovery Material used or referenced during a deposition or other pretrial

1   testimony shall maintain any confidentiality designation accorded such material

2   hereunder regardless of the designation of any part of the transcript.

3       c.     Information in Other Forms: All Confidential Material not reduced to

4   documentary, tangible, or physical forms or that cannot be conveniently

5   designated shall be designated by the Producing Party by notifying all parties of

6   the appropriate designation in writing.

7       5.     In the absence of written permission from the Producing Party or court

8   Order, Discovery Material designated as "CONFIDENTIAL" shall not be disclosed to

9   any person other than the following individuals, who are each deemed a "Qualified

10   Person" under this Paragraph:

11       a.     counsel of record for parties to this Litigation and their support staff,

12             including paralegals and clerical assistants;

13       b.     opposing parties and their representatives, officers, agents, and/or

14   employees who are directly involved in, and whose access to such Discovery

15   Material is reasonably required for, the management, prosecution, defense, or

16   settlement of this Litigation or the supervision of counsel of record;

17       c.     non-party witnesses who are called to be deposed during discovery or

18   trial, whether willingly or under subpoena issued by a court of competent

19   jurisdiction over the witness;

20       d.     stenographic, court reporting, or clerical personnel;

21       e.     in-house counsel for the parties to this Litigation;

22       f.     subject to the provisions of paragraph 7 below, experts and consultants

23   and their staff who are employed for the purposes of this Litigation; and

24       g.     the Court, including necessary secretarial, clerical, and support personnel

25   assisting the Court;

26       h.     regulatory authorities upon formal demand, or to satisfy legal or

27   regulatory requirements, and

28

i.    commercial photocopying firms or ESI vendors employed by a Party to this Litigation.

6.    The inadvertent or unintentional disclosure by the Producing Party of Confidential Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the Producing Party shall promptly upon discovery of the inadvertent or unintentional disclosure notify the receiving party in writing that the information is Confidential. Such notification shall constitute a designation of the information and thereby subject it to the provisions of this Protective Order. Disclosure by the receiving party of inadvertently or unintentionally disclosed Confidential Material prior to receipt of such notice shall not be deemed a violation of this Protective Order. However, those persons to whom disclosure was made are to be advised by the receiving party that the information is Confidential and must be treated in accordance with this Protective Order, and the receiving party must make a good faith effort to retrieve and return all copies of such inadvertently disclosed information which have been disseminated to unauthorized persons, including any notes, summaries, compilations or other documents concerning same.

7.    No person described under Paragraphs 5(f) may access Discovery Material designated "CONFIDENTIAL" until such person agrees to be bound by the terms of the Protective Order by executing the undertaking in Exhibit A. Before any other person described in Paragraph 5 is shown any Discovery Material designated "CONFIDENTIAL", that person must be shown a copy of the Court's Protective Order and instructed that he or she is bound by its provisions.

8.    If a producing party inadvertently produces documents or other tangible items that it considers privileged or attorney work-product, in whole or in party, it may retrieve such documents or items, or parts thereof, as follows:

a.      the producing party must give written notice to all parties who received copies of the inadvertently produced document or material in question.  This notice must state the nature of the producing party's claim that the inadvertently produced document is privileged or otherwise protected.

b.      Upon receipt of such notice, all parties who have received copies of the inadvertently produced documents or material shall promptly return it to the producing party and destroy any other copies thereof.  In the event that only portions of a document or material are claimed to be privileged or otherwise protected, the producing party shall furnish redacted copies of such documents or material, removing only the part(s) thereof claimed to be privileged or otherwise protected, to all parties.

c.      If a party receiving notice of an inadvertent production of a document or material challenges the producing party's claim of protection, the recipient of such notice may promptly move for an order compelling production of such documents or material on the ground that the claim of protection is not well founded.  However, the party moving to compel cannot contend that the producing party waived the protection by the inadvertent production. If Discovery Material subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, or other ground for withholding production to which any Producing Party would otherwise be entitled.  Any inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

9.      The parties may also informally agree in writing that Confidential Material may be disclosed to a person not otherwise qualified under this Protective Order to receive such information.  In the event that a party intends to disclose Confidential Material to a person not qualified to receive such information hereunder

1  (for example, for use at a deposition), and the parties cannot informally agree, a party

2  may request the Court rule on such disclosure.

3       10.    All Confidential Material produced in this Litigation may be used only

4  for purposes of this Litigation, including the Litigation itself, any appeals, and

5  settlement and/or licensing negotiations intended to resolve this Litigation.  All

6  Confidential Material shall be maintained and used by the parties and any person

7  listed in Paragraph 5 only in the strictest of confidence and not disclosed to any other

8  person without the prior, written consent of the Producing Party or upon order by the

9  Court.

10       11.    Deposition Procedures: In the event that a deposition in this litigation is

11  attended by a person not authorized to receive Confidential Material, then any other

12  party may have such person excluded from the deposition during any portion(s) of the

13  deposition that it reasonably believes may result in the disclosure of its Confidential

14  Material.

15       12.    Response to a Subpoena / Court Order: In the event that a receiving party

16  receives a subpoena or is ordered by another court or governmental entity to produce

17  the Confidential Material of another party, the receiving party shall notify the

18  Producing Party immediately of that subpoena or order and shall promptly provide

19  said subpoena or order, if it is in writing, to the Producing Party so that the Producing

20  Party may object to the subpoena or order.  If the Producing Party chooses to object to

21  the subpoena or order, it shall provide a copy of said objection to the receiving party.

22  If the receiving party receives nothing from the Producing Party prior to the time for

23  its compliance with the subpoena or order, the receiving party may comply with its

24  obligations under the subpoena or order.

25       13.    Before any Confidential Material, or any papers containing or making

26  reference to the contents of such Confidential Material, is filed with the Court for any

27  purpose, the party seeking to file such Confidential material or papers must seek

28  permission of the Court to file the Confidential Material or documents under Seal.

1   The restrictions, if any, that will govern the use of Confidential Material at trial or

2   hearings will be determined at a later date by the court, in consultation with the

3   parties.

4        14.   Notwithstanding any other provision of this Protective Order, a party

5   producing Confidential Material may choose to withdraw its designation by doing so

6   in writing.

7        15.   Nothing in this Protective Order constitutes a finding or admission that

8   any of the information disclosed or contained in the designated items is or is not

9   confidential, and nothing herein shall prevent any party from contending, during the

10   progress of this Litigation, that any or all of such information is not confidential.  Any

11   party may request from the Producing Party a change in the designation of any item or

12   information and/or permission to disclose such item or information to persons in

13   addition to those specified herein in Paragraph 5.  Such request shall be in writing,

14   state the grounds, and be served on all counsel including counsel for the Producing

15   Party.  The requested change shall occur or the requested permission shall be granted,

16   unless an objection for good cause is served on the requesting party within twenty (20)

17   business days after service of such request.  In the event such objection is timely

18   served, neither the requested change shall occur nor the requested permission shall be

19   granted, until the objection is resolved by written agreement of the parties or Order of

20   this Court. In any disagreement over a designation, the party making the designation

21   bears the ultimate burden of showing that the designation is proper.  No party to this

22   Litigation shall be obligated to challenge the propriety of any designation, and a

23   failure to do so shall not act as a waiver of its right to make a subsequent attack on the

24   propriety of such designation, nor shall such failure to challenge constitute an

25   admission that any information is, in fact, confidential.   Any designation of

26   information as Confidential Material shall govern hereunder unless and until such

27   designation is modified by the designating party, the Court, or agreement of the

28   parties.

16.     Production by Non-Parties: If any Confidential Material is produced by a non-party to this Litigation, such non-party shall be considered a Producing Party within the meaning of those terms as used in the context of this Stipulation for a Protective Order and shall have the right to designate information as "Confidential."

17.     The designation of any material in accordance with this Protective Order as Confidential Material is intended solely to facilitate the preparation and trial of this Litigation, and treatment of such material by the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret or Confidential Material.

18.     Upon final termination of this Litigation, each party and other person subject to the terms of this Protective Order, including individuals required to execute the undertaking attached hereto as Exhibit A, shall, within sixty (60) days of said termination, assemble (including from all officers, employees, and in-house counsel of the party, all support staff, and all experts and consultants) and return to the Producing Party all Discovery Material designated as "Confidential," including all copies and other items of such Discovery Material, or in the alternative and at the option of the Receiving Party, either destroy all such confidential Discovery Material, or retain permanently all such confidential Discovery Material so long as the Receiving Party continues to maintain confidentiality.

19.     Nothing in this Protective Order shall be deemed a waiver of any right that any party might otherwise have under the Federal Rules of Civil Procedure or the Federal Rules of Evidence or the doctrines of attorney-client privilege or attorney work-product. This Protective Order shall be without prejudice to any party to oppose production of any information or items on any ground permitted by the Federal Rules.

20.     Any party to this Protective Order may, for good cause shown, move the Court for relief from all or any part of this Protective Order or for a modification of its

provisions. The Protective Order, however, shall remain in effect until such time as it is modified or rescinded by the Court.

21. This Protective Order is not intended to govern the use of confidential Discovery Materials at trial in this action.

22. Nothing in this Protective Order shall affect a party's use or disclosure of its own Confidential Material in any way.

23. This Protective Order shall be without prejudice to the right of any party hereto to knowingly waive the applicability of this Order to any confidential Discovery Materials designated by that party.

24. This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after this action is terminated.

25. Any modification of the Protective Order, including the incorporation of any additional parties appearing in the litigation must be made in writing.

**IT IS SO ORDERED.**

Date: _12/8/17_

_____
Magistrate Judge Charles F. Eick

STIPULATION AND ORDER FOR PROTECTIVE ORDER:  EXHIBIT A


UNDERTAKING OF _____

STATE OF _____       )
                             ) SS:

COUNTY OF _____       )


I, _____, being first duly sworn on oath, depose and say:

     1.     I have read and understand the contents of the Protective Order dated _____, filed in the above captioned litigation, and attached hereto.

     2.     I am properly classified as a "Qualified Person" identified in Paragraph 5 of the Protective Order, and I agree to comply with the conditions provided in the Protective Order prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, "Confidential Material."

     3.     I expressly agree that all documents, things and information which are disclosed to me pursuant to the Protective Order shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the terms of the Protective Order.

     4.     I shall not use or refer to any of the documents, things and/or any information that falls within the terms of the Protective Order other than in connection with this litigation and as prescribed in the Protective Order.

     5.     Further, I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for the party who provided such documents, and I shall destroy any notes or memoranda I have

1    which in any way concern the substance embraced by such documents, things and/or

2    information.

3        6.      I do and shall subject myself to the continuing jurisdiction of the above-

4    captioned Court over my person, wherever I shall be found, for purposes of

5    enforcement of the Protective Order.

6

7    Date: _____

[Signature]

8

9                                        _____

10                                       [Printed Name]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28